IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


DAVID CONRAD ALVERSON, SR.                                    PLAINTIFF

v.                          Civil No. 2:22-CV-02175-PKH-MEF

DEPUTY CONNOR                                                 DEFENDANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]

Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.       BACKGROUND

Plaintiff filed his Complaint on November 14, 2022.  (ECF No. 1).  That same day, the

Court ordered Plaintiff to file a Completed *in forma pauperis* ("IFP") application and an Amended

Complaint by December 5, 2022.  (ECF No. 3).  Plaintiff filed a Notice of Address change on

November 28, 2022.  (ECF No. 5).  He filed IFP applications on November 28, 2022, and on

December 19, 2022.  (ECF Nos. 6, 8).  He was granted IFP status on December 19, 2022.  (ECF

No. 9).  Plaintiff filed his Amended Complaint on January 3, 2023, almost a month past his

deadline to do so.  (ECF No. 12).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

In his Amended Complaint, Plaintiff alleges that "about a month ago," while he was incarcerated in the Crawford County Detention Center ("CCDC"), Defendant Deputy Connor made jokes about his nephew dying at the facility. (ECF No. 12, p. 5). Plaintiff alleges he was standing by the emergency call button, and Defendant Connor further joked about the lack of response by CCDC staff when Plaintiff and other inmates were trying to get help for his nephew while he lay dying in the cell. (*Id*.). Plaintiff does not identify his nephew, the circumstances of his death, or the date of his nephew's death. Plaintiff alleges that Deputy Hicks was present when Defendant Connor made these comments and jokes, and he made Defendant Connor leave the Plaintiff's cell. (*Id*. at 6). Plaintiff alleges Defendant Connor "laughed in his face" about his nephew's death. (*Id*. at 6).

Plaintiff proceeds against Defendant Connor in his official and individual capacities. (ECF No. 12, p. 6). He seeks compensatory and punitive damages. (*Id*. at 10). He also asks that Defendant Connor be removed as an employee so that something like this does not happen again, that he receives an apology, and that CCDC change its rules and regulations. (*Id*.).

## II.        LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re*

*Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief

may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we

hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal

pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is

discernable, even though it is not pleaded with legal nicety, then the district court should construe

the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework."  *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege

specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.        ANALYSIS

Plaintiff alleges that Defendant Deputy Connor "made jokes" and taunted him about how

his nephew died in CCDC custody.  While such conduct is repugnant and unprofessional, it is not

unconstitutional.  "Verbal threats do not constitute a constitutional violation."  *Martin*, 780 F.2d

at 1339.  Similarly, taunts, name calling, and the use of offensive language does not state a claim

of constitutional dimension.  *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's

claims of general harassment and of verbal harassment were not actionable under § 1983);

*O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials

did not rise to the level of a constitutional violation).  Plaintiff fails to state a claim upon which

relief may be granted as his claims are not cognizable under § 1983.

## IV.        CONCLUSION

For these reasons, it is recommended that:

3

1.  The case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2.  Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk be directed to place a § 1915(g) strike flag on the case for future judicial consideration.

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of January 2023.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

4